Francis J. Donovan, J.
Defendant moves, on consent of the District Attorney, to plead guilty to a violation of subdivision 11 of section 722 of the Penal Law in satisfaction of an infor *101 mation charging defendant with a violation of subdivision 1 of section 580 and section 986 of the Penal Law.
This case presents a question as to the power of the court to accept a plea lesser than the crime set forth in the information. Such procedure presents no problem in the County Court.
Section 342-a of the Code of Criminal Procedure sets forth the procedure where the court accepts a plea of guilty to a lesser charge. The forms of plea are authorized or prescribed by section 334 of the code. Section 62 of the Code of Criminal Procedure carries over and makes section 334 applicable to this court. If there be any doubt of this court’s power under section 334 of the code, as supplemented or implemented by 342-a of the code, I think it is dispelled by the Uniform District Court Act.
Section 2005 of the Uniform District Court Act provides that this court has the power to dismiss the prosecution of an action in like manner as the prosecution of actions by indictment may be dismissed. Pleading to lesser charges involves (1) the dismissal of the basic charge and (2) substitution of a lesser one, and is therefore covered in substance by section 2005 of the Uniform District Court Act.
The recent case of the People v. O’Connor (14 N Y 2d 62), decided February 27, 1964 by the -Court of Appeals, discussed the procedure. While that ease involved the Special Sessions Court in New York City, yet outlining the statutory language above stated, I think the procedure is substantially the same. The court held a plea to disorderly conduct could be taken in satisfaction of an information, on oral statements on the record.
I will accept that procedure here. On the District Attorney’s consent, we will state, orally on the record, the facts which constitute the substance of the violation to which defendant will plead.